UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA
KHUTI AMEN BEY,

    Plaintiff,

v.                                           CASE NO. 8:21-cv-920-SDM-JSS

CINDY STUART, et al.,

    Defendants.
_____/

## ORDER

    Appearing *pro se*, Ra Nu Ra Khuti Amen Bey sued (Doc. 1-3 at 58–68) in state court several lawyers, public officials, and judges, including U.S. Bankruptcy Judge Catherine Peek McEwen.  Bey's complaint comprises a prolix, rambling, and largely indecipherable series of allegations.  Apparently challenging a judgment in a bankruptcy action, Bey cites dozens of purported "laws," including the "Zodiac Constitution," the "Treaty of Guadalupe Hidalgo," and the "Pope's Letter to Obama," to demand relief from "unjust actions."  (Doc. 1-3 at 59–62, 68)  Although incidentally mentioning the other defendants, all of whom move (Docs. 14, 17, 25) to dismiss, the complaint principally undertakes — maybe — to allege that Judge McEwen plots "under the color of law" to deny "certain people (Moors) due process."  (Doc. 1-3 at 64)  Judge McEwen timely removed (Doc. 1) this action and moves (Doc. 40) to dismiss the complaint.  Bey moves (Doc. 12) to remand and opposes (Doc. 32) dismissal.

Bey's motion to remand fails because the complaint alleges (Doc. 1-3 at 64) that while acting under color of federal law the defendants violated Bey's constitutional and property rights. 28 U.S.C. § 1441. Specifically, Bey alleges that under the direction of Judge McEwen the other defendants denied Bey unspecified due process during a federal bankruptcy proceeding. (Doc. 1-3 at 64–65) Asserting (Doc. 35 at 4–6) judicial immunity against Bey's claim, Judge McEwen properly removes this action. 28 U.S.C. § 1442; *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) ("[T]he right of removal under [Section 1442] is made absolute whenever a suit in state court is for any act 'under color' of federal office."); *Cuyler v. Ley*, 2013 WL 4776347, at *3 (N.D. Ga. 2013) (Carnes, J.) (finding that to remove under Section 1442 a defendant must advance a "colorable defense" and must show a "causal connection between [the] . . . asserted official authority and the action against him.") (citation omitted)). For this reason, and for the reasons stated (Doc. 35) by Judge McEwen, the motion (Doc. 12) to remand is **DENIED**.

At most, Bey alleges an ethereal and unsupported suspicion that the defendants deprived Bey of indeterminate "rights under color of law." (Doc. 1-3 at 63) Bey's suspicion fails to state a claim. For the reasons stated (Doc. 40) by Judge McEwen and for the reasons stated (Docs. 14, 17, 25) by the other defendants, the motions (Docs. 14, 17, 25, 40) to dismiss this action are **GRANTED**. Because Bey's complaint is patently frivolous and is not susceptible to reasoned amendment, the complaint is **DISMISSED WITH PREJUDICE**.

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  The clerk is directed to terminate the pending motions and to close the case.

Bey has sued Judge McEwen in an action featuring a nearly identical and similarly frivolous claim.  *Bey v. McEwen*, 2020 WL 838240, (M.D. Fla. 2020) (Wilson, J.), *report and recommendation adopted*, 2020 WL 836270 (M.D. Fla. 2020) (Honeywell, J.).  Further, Bey sues Judge McEwen and others in several actions supported by the same arguments.  *Amen Bey v. Stuart, et al.,* 8:21-cv-00940-TPB-AAS; *Amen Bey v. Fermo, et al.*, 8:21-cv-00926-TPB-TGW.  Bey is **WARNED** that he risks the imposition of a sanction, including a pre-filing injunction, by again repeating — here or elsewhere — any of the claims resolved against him in this or another action.  *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (permitting a pre-filing injunction "to protect against abusive and vexatious litigation.").

ORDERED in Tampa, Florida, on July 6, 2021.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE